Jerome **CURTIS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 18737.

United States Court of Appeals District of Columbia Circuit.

Submitted March 9, 1965.

Decided July 26, 1965.

Mr. Dayton M. Harrington, Washington, D. C., for appellant.

Miss Carol Garfiel, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee.

Before WASHINGTON, DANAHER and BURGER, Circuit Judges.

PER CURIAM.

In the trial on an indictment for statutory rape Appellant challenged the admissibility of a confession as in violation of the Mallory Rule.[1] Defense counsel stated that no question was being raised as to voluntariness of the confession. The District Court correctly ruled there was no merit in the *Mallory* claim after conducting an extensive hearing without a jury in the course of which some of the evidence touched on the voluntary nature of the statements. In his charge to the jury the District Judge instructed the jury that they were not to consider the confession unless it was found to be vountary. This case was tried before the decision of the Supreme Court in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and the District Judge did not make an independent judicial finding that the confession was voluntary before submitting the issue of voluntariness to the jury as is now required. The record tends to support defense trial counsel's original view that no issue of voluntariness was thought to exist but absent a preliminary and independent finding by the District Judge that the confession was voluntary in his view the record, in its present state, requires us to infer what Jackson v. Denno now demands be explicit.

In the circumstances presented by this case we conclude that the issue should be put to rest while the matter is fresh in the minds of the Trial Judge and of counsel. Accordingly we remand to the District Court for an express judicial determination and finding on the issue of voluntariness. If it is determined that the confession was voluntary, the judgment appealed from will stand affirmed; if otherwise a new trial should be ordered.

Remanded for further proceedings.

1. 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).